**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0536-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL QUEZADA, a/k/a
MICHAEL RODRIGUEZ,

     Defendant-Appellant.

_____

     Submitted October 18, 2018 – Decided February 7, 2019

     Before Judges Simonelli and DeAlmeida.

     On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 09-12-2019, 09-12-2025, 10-05-0715, 13-04-0492 and 14-07-0834.

     Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

     Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Quezada appeals from the August 17, 2017 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. On December 2, 2009, a Middlesex County grand jury returned two indictments against defendant. Indictment No. 09-12-2019 contained six counts relating to the attempted theft of an automobile on August 10, 2009. Indictment No. 09-12-2025 contained four counts relating to receipt of a stolen automobile on October 19, 2009. The grand jury issued a third indictment against defendant on May 13, 2010. Indictment No. 10-05-0715 contained eight counts relating to the burglary of a boat on January 25, 2010.

On October 12, 2010, defendant entered a guilty plea to count two of Indictment No. 09-12-2019, conspiracy to commit theft by unlawful taking, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:20-3, count two of Indictment No. 09-12-2025, conspiracy to receive stolen property, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:20-7, and count two of Indictment No. 10-05-0715, conspiracy to commit burglary,

A-0536-17T1

N.J.S.A. 2C:5-2 and N.J.S.A. 2C:18-2. Each count to which defendant entered a guilty plea was a third-degree offense.

On January 10, 2011, the trial court imposed concurrent sentences of 180 days in the county jail and five years of probation on each of the three counts to which defendant pled guilty. Pursuant to a plea agreement, all other counts of the three indictments were dismissed.

On April 11, 2013, the grand jury returned a fourth indictment against defendant. Indictment No. 13-04-0492 charged him with obstructing the administration of law, N.J.S.A. 2C:29-1, and hindering an investigation, N.J.S.A. 2C:29-3(b)(4). Both are fourth-degree offenses.

On July 24, 2014, the grand jury returned a fifth indictment against defendant. Indictment No. 14-07-0834 contained twelve counts alleging various third- and fourth-degree offenses relating to debit and credit cards which had been stolen on or about January 17 and 18, 2012.

On February 6, 2015, defendant entered a guilty plea to the fourth-degree obstructing the administration of law count in Indictment No. 13-04-0492, to count five of Indictment No. 14-07-0834, third-degree attempted fraudulent use of a credit card, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:21-6(h), and to violation of

each of the three concurrent probation sentences imposed as a result of his first guilty plea.

On March 30, 2015, the trial court sentenced defendant, in accordance with his plea agreement, to time served on the obstruction charge and to four concurrent five-year prison terms for the credit card offense and the three violations of parole. In accordance with the plea agreement, the remaining counts of the 2013 and 2014 indictments were dismissed.

Defendant appealed only his sentence. On September 28, 2015, we affirmed the sentence. State v. Quezada, No. A-4176-14 (App. Div. Sept. 28, 2015). On January 12, 2016, the Supreme Court denied defendant's petition for certification. State v. Quezada, 224 N.J. 124 (2016).

On October 12, 2016, defendant filed a petition for PCR. Defendant's petition did not specify the factual or legal basis of his claims and was not accompanied by a certification or affidavit. A brief filed by counsel in support of defendant's petition asserted that his trial counsel was ineffective because of a failure adequately to consult or communicate with defendant, and review discovery. In addition, the brief asserted that trial counsel failed adequately to investigate a defense, including not pursuing a witness who defendant believed would provide exculpatory testimony. As a result, the brief argues, defendant

4

was prevented from participating in his defense, depriving him of the ability to make a knowing and voluntary plea.

The trial court scheduled a non-evidentiary hearing on the petition. The judge who presided when defendant entered his plea and who sentenced him also presided at the hearing. Prior to the hearing, defendant's counsel informed the court in writing that defendant had been deported to the Dominican Republic. The court granted counsel's request to have defendant appear at the hearing by Skype or telephone. On the day of the hearing, Skype was not functioning. The court, however, made numerous unsuccessful attempts to contact defendant at the telephone number provided by his counsel. Defendant's counsel did not request an adjournment of the hearing and did not object to the court proceeding in defendant's absence. The court, therefore, proceeded to hear arguments from counsel.

In an oral opinion, the court denied the petition. The court noted that defendant had not submitted a certification in support of his claims, leaving the record absent of factual support for the assertions in his brief regarding consultation with his attorney, review of discovery, or the existence of a witness who was prepared to offer exculpatory testimony. As a result, the court concluded defendant had not established a prima facie showing of deficient

representation by his trial counsel warranting an evidentiary hearing. In addition, the court concluded that defendant did not make a prima facie showing that but for the alleged deficiencies in his trial counsel's representation, he would have received a more favorable outcome. The court noted that defendant was facing fifteen years of incarceration on the violation of probation charges and an additional ten years of incarceration on the charges for which he was pleading guilty, but instead received only a five-year sentence. The court considered that outcome to be very favorable to defendant. In light of the fact that defendant proffered no evidence that he was either likely to prevail at trial or that his counsel could have negotiated a more favorable plea agreement, the court concluded that an evidentiary hearing on this point was not warranted. On August 17, 2017, the court entered an order denying defendant's PCR petition without holding an evidentiary hearing.

This appeal followed. Defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN PROCEEDING WITH ORAL ARGUMENT OF QUEZADA'S CLAIM FOR POST-CONVICTION RELIEF WITHOUT QUEZADA'S PRESENCE OR PARTICIPATION.

6

POINT II

THE TRIAL COURT ERRED IN DENYING QUEZADA AN EVIDENTIARY HEARING CONCERNING HIS CLAIM OF INADEQUATE ASSISTANCE.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and United States v. Cronic, 466 U.S. 648, 658-60 (1984). Preciose, 129 N.J. at 463; see State v. Fritz, 105 N.J. 42, 49-50 (1987). Under

7

the first prong of the <u>Strickland</u> test, a "defendant must show that [defense] counsel's performance was deficient." 466 U.S. at 687. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

We have carefully reviewed defendant's arguments in light of the record and applicable legal principles, and are satisfied that the trial court's findings of fact and conclusions of law are well supported. Defendant did not submit a certification or affidavit in support of his petition for PCR. While his counsel made various arguments in support of the petition, there is an absence of evidence regarding the extent to which defendant's trial counsel consulted with him, reviewed discovery, provided advice regarding his guilty plea, or investigated the existence of a favorable witness. In addition, as the trial court found, defendant offered no evidence to support the notion that in the absence of alleged deficiencies in his trial counsel's performance, he would have achieved a better outcome, either at trial or through plea negotiations. In fact, the trial court aptly noted that defendant benefited from his counsel's negotiation of a very favorable plea agreement.

A-0536-17T1

We find defendant's argument regarding the trial court holding a non-evidentiary hearing on the PCR petition in defendant's absence to be without sufficient merit to warrant extended discussion. The trial court agreed to have defendant appear by telephone. Multiple attempts to reach him at the number provided were unsuccessful. Counsel did not ask for an adjournment and proceeded with the hearing without objection, making defendant's arguments to the court. Defendant effectively waived his presence at the hearing. The record does not demonstrate an abuse of discretion by the trial court.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0536-17T1